UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SIEBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>GENE SECURITY NETWORK, INC,<br><br>        Defendant. | Case No.  11-cv-01987-JST<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: ECF No. 96 |

In this action for alleged violations of the False Claims Act, Plaintiff-relator Gary Siebert moves for sanctions and fees against Defendant Gene Security Network, Inc., claiming that Defendant engaged in bad faith conduct when one of its executives did not attend a private mediation in person.  ECF No. 96.  Plaintiff demands reimbursement of travel costs and other reasonable expenses incurred in connection with this motion.  The Court will DENY the motion.

**I.    BACKGROUND**

This action arises out of Defendant's alleged actions of (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment, and (2) knowingly making, or causing to be made, a record or statement material to a false or fraudulent claim, in violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq*.  Plaintiff claims Defendant made misrepresentations in order to fraudulently obtain funding from the U.S. Department of Health and Human Services. Id.

The present motion for sanctions arises out of Defendant's alleged bad faith conduct related to a private mediation session.  Plaintiff asserts that Defendant acted in bad faith by failing to have Mr. Matthew Rabinowitz, CEO of Gene Security Network, Inc., attend the first day of mediation in person.  ECF No. 96 at 3.  Mr. Rabinowitz instead joined the mediation via Skype. ECF No. 99 at 5.  Plaintiff claims that if he knew Mr. Rabinowitz would not attend in person on

the first day, Plaintiff would not have proceeded with the mediation. ECF No. 96 at 3. As a result, Plaintiff demands that Defendant pay $11,121.54 in mediation and administrative fees that Plaintiff incurred due to Defendant's conduct, as well as approximately $5,000 in travel expenses. Id.

Defendant opposes the motion, contending that at all times it mediated in good faith, both by ensuring that Mr. Rabinowitz participated by videoconference on the first day, and by guaranteeing he could appear in person on the second day of mediation. ECF No. 99 at 4-7. Defendant also asserts that the Court does not have authority to issue sanctions with regard to a private mediation, and that Plaintiff's motion was untimely pursuant to Civil Local Rule 7-8(c). Id. at 9-11.

## II.     LEGAL STANDARD

"[A] district court has the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith. . . . Either supports the imposition of sanctions." Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012); see also Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). Under Civil Local Rule 7-8(c), sanctions motions "must be made as soon as practicable, after the filing party learns of the circumstances that it alleges made the motion appropriate." Civ. L.R. 7-8(c).

## III.    DISCUSSION

The gist of Plaintiff's complaint is that Defendant made assurances that Mr. Rabinowitz would be personally present at the mediation, when in fact he was only available by videoconference.

Sanctions are available for (1) a violation of a court order, or (2) bad faith conduct. Evon, 688 F.3d at 1035. Here, there was no violation of a court order, because the mediation was privately arranged. Plaintiff cites no authority authorizing the imposition of sanctions in such circumstances, and the Court is aware of none.

Bad faith exists when a party acts "vexatiously, wantonly, or for oppressive reasons." Id. Examples of bad faith conduct include a fraud upon the court, delay or disruption of litigation, or interference with the enforcement of a court order. Chambers, 501 U.S. at 46. A court can also

issue sanctions for "willful or improper conduct" or for "recklessness . . . combined with . . . frivolousness, harassment, or an improper purpose." Fink v. Gomez, 239 F.3d 989, 992-94 (9th Cir. 2001).

Even assuming that the Court had the authority to impose sanctions here, Plaintiff has not succeeded in establishing bad faith. Plaintiff alleges that Defendant falsely assured Plaintiff's counsel that Mr. Rabinowitz would be physically present at the mediation, when instead he was present by Skype. Defendant's counsel states under penalty of perjury that he made no such assurances, and that he instead stated clearly that Mr. Rabinowitz would be at the first day of the mediation by Skype, and the second day in person. The Court cannot credit Plaintiff's version of events as being more likely than not, and so Plaintiff has failed to show that Defendant's acts were willful, harassing, or so improper as to constitute bad faith.[1]

These deficiencies are compounded by Plaintiff's delay in bringing the motion, which was filed eight months after the allegedly offending conduct. The Court is unable to conclude that Plaintiff moved for sanctions "as soon as practicable" under Civil Local Rule 7-8(c).

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's motion for sanctions and his demand for fees.

**IT IS SO ORDERED.**

Dated: November 6, 2014

JON S. TIGAR
United States District Judge

---

[1] The Court need not, and does not, reach the question of whether the facts alleged by Plaintiff would constitute bad faith if they were established.

3