UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SIEBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>GENE SECURITY NETWORK, INC,<br><br>    Defendant. | Case No.  11-cv-01987-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO BIFURCATE AND PLAINTIFF'S MOTION IN LIMINE NUMBER ONE**<br><br>Re: ECF Nos. 135, 136 |

    Before are Plaintiff's Motion to (1) Bifurcate Trial of Main Action from Counterclaim; and (2) Try Liability Phase of Main Action Prior to Damages Phase, ECF No. 136, as well as Plaintiff's related Motion in Limine Number One, which seeks an order "excluding all evidence of [Plaintiff's] conduct and work performance as an employee of [Defendant] Gene Security Network, Inc. ("GSN")." ECF No. 136.  The Court will deny both motions.[1]

    Federal Rule of Civil Procedure 42(b) provides that a court may "order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  "Factors to be considered when determining whether to bifurcate a trial include: avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion." Bates v. United Parcel Serv., 204 F.R.D. 440, 448 (N.D. Cal. 2001).

    Whether to grant bifurcation is committed to the "broad discretion" of the district court. Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir.2004).  "Bifurcation . . . is the exception rather than the rule of normal trial procedure[.]" Clark v. I.R.S., 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009); *see also* 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane,

---

[1] The Court will not hear argument on these motions at the pretrial conference scheduled for January 9, 2015.

Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure, § 2390 (3d ed. 2008) ("a number of courts have indicated that separation of this kind should be used sparingly") (collecting cases).

Here, the Court concludes that bifurcation of damages from liability as to Plaintiff's affirmative claim, or bifurcation of Defendant's counterclaim, will not serve the purposes of convenience, economy, or the avoidance of prejudice.

With regard to Plaintiff's first request, the evidence relating to damages is interrelated with the evidence related to liability, and so the bifurcation of those issues will almost certainly result in an unnecessarily longer trial, not a shorter one. Plaintiff contends that if he prevails on liability, the amount of damages is a foregone conclusion. Even assuming for the sake of argument that Plaintiff is correct -- a question the Court does not now decide -- the issue of damages can be resolved by jury instruction or directed verdict. In neither event will a separate trial be required.

With regard to Plaintiff's second request, bifurcation will result in a greater, not lesser, use of the Court's and the jury's time. All or most of the witnesses related to GSN's counter-claim will also testify regarding Plaintiff's affirmative claim. Also, the admission of evidence relating to GSN's counter-claim is probative of Plaintiff's credibility as a witness, because the pendency of GSN's claim is relevant to the issue of bias. Trial of Plaintiff's affirmative claim and GSN's counter-claim is not unduly prejudicial to GSN.

For the foregoing reasons, Plaintiff's Motion to (1) Bifurcate Trial of Main Action from Counterclaim; and (2) Try Liability Phase of Main Action Prior to Damages Phase, and Plaintiff's Motion in Limine Number One, are both denied.

**IT IS SO ORDERED.**

Dated: January 7, 2015

JON S. TIGAR
United States District Judge