UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SIEBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>GENE SECURITY NETWORK, INC,<br><br>        Defendant. | Case No. 11-cv-01987-JST<br><br>**ORDER GRANTING LEAVE TO FILE SUPPLEMENTAL BRIEFING AND DENYING PLAINTIFF'S MOTION IN LIMINE NO. 4**<br><br>Re: ECF Nos. 136, 164 |

Before the Court are Plaintiff's Motion in Limine No. 4 and Administrative Motion for Order Granting Leave to File Supplemental Briefing Regarding Plaintiff's Motion in Limine No. 4. ECF Nos. 136, 164. Defendant opposes both motions. See ECF Nos. 150, 172.[1] Relatedly, Defendant has also moved in limine to exclude the deposition testimony of, and declaration from, Michelle Bulls. ECF No. 140. In response, Siebert has reduced somewhat his designations of Ms. Bulls' testimony. The Court will deny Plaintiff's motion, and deny Defendant's motion as Bulls' declaration and most of her deposition except for objections to a few deposition questions.

### I. Plaintiff's Motion in Limine No. 4

In his Motion in Limine No. 4, Plaintiff seeks to exclude "all evidence relating to whether and/or to what extent the United States was damaged by any false statement, certification, verification or claim made to the United States by GSN in connection with [] GSN's receipt of NIH grant funds at issue in this matter." ECF No. 136 at 5. Plaintiff contends that where the damage to the government is difficult to quantify, as here, damages resulting from any proven FCA violation are necessarily the full sum of grants issued, which is then trebled. See id. at 5-7

---

[1] Because GSN has addressed on the merits the issue discussed in Plaintiff's proposed supplemental brief, the Court grants Plaintiff leave to file it. The Court also grants leave to Defendant to submit its response.

(citing United States ex rel. Longhi v. Lithium Power Techs., 575 F.3d 458 (5th Cir. 2009)). Because the issue of damages is not in dispute, says Plaintiff, "[t]here can be no basis for the jury to find GSN's false statements did not damage the United States in the full amount of the awarded grants." Id. at 7. Defendant counters that damages are still in issue, and therefore evidence relating to them should not be excluded at trial, because a plaintiff-relator must prove the element of causation to be eligible to receive treble damages, rather than merely statutory penalties. See ECF No. 150 at 6-11. In response, Plaintiff acknowledges that a plaintiff-relator must prove causation in order to recover damages (as opposed to penalties) under the FCA, but argues that "[t]he standard for causation set forth by the *Longhi* court is not nearly as stringent as GSN contends" and "Plaintiff is unaware of any case or authority holding the testimony of an actual decision[-]maker [in the grant application process] is required to prove causation." See Pl.'s Suppl. Br., ECF No. 164-1 at 1-2.

The Court finds that it would be improper to exclude damages evidence at trial. Even Plaintiff concedes in his supplemental briefing that he must prove the element of causation in order to recover damages. Id. at 2 n.3 ("Under the False Claims Act, the elements of causation and materiality are inextricably intertwined; the natural tendency test used to evaluate materiality is on the same spectrum of causation *required for the relator to recover treble damages*.") (emphasis added). And so "evidence relating to whether and/or to what extent the United States was damaged by any false statement, certification, verification or claim made to the United States by GSN in connection with [] GSN's receipt of NIH grant funds" must be admitted if Siebert seeks to recover damages. See 37 U.S.C. § 3729(a)(1) ("any person who [violates the FCA] is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000 . . ., plus 3 times the amount of damages which the Government sustains *because of* the act of that person."); Longhi, 575 F.3d at 473 ("Before the government may recover treble damages, it must 'demonstrate the element of causation between the false statements and the loss.'" (citing United States v. Miller, 645 F.2d 473, 475-76 (5th Cir. 1981)); Laymon v. Bombardier Transp. (Holdings) USA, Inc., No. 05-169, 2009 WL 793627, at *14 (W.D. Pa. Mar. 23, 2009) ("Under the [FCA], it is the *qui tam* relator's burden to prove damages, as he stands in

the place of the government.  When the government has not suffered any actual monetary detriment, the government is limited to the imposition of statutory penalties provided for under the FCA.") (internal citations omitted); United States v. Eghbal, 548 F.3d 1281, 1284-85 (9th Cir. 2008) (finding, in the mortgage context, that "misrepresentations had a causal connection . . . sufficient support FCA liability").

The Court also agrees with Plaintiff, however, that evidence from an actual decision-maker is not necessary to prove the causation element.  See, e.g., Eghbal, 548 F.3d at 1285 (relying on admissions by FCA defendants—not government decision-makers—to find that causation element had been proven).[2]

Finally, in his supplemental briefing, Plaintiff also asks to designate for presentation to the jury at trial certain excerpts of Michelle Bulls' deposition related to the award of grant funds.  ECF No. 164-1 at 5.  Defendant objects to Plaintiff's belated designation, which is his third, and asks, at the least, to be provided an opportunity to file objections to the renewed designation.  ECF No. 172 at 2 n.1.

The Court will permit Plaintiff to file his third designation of Michelle Bulls' deposition testimony.  This testimony has been available to Defendant for some time, and was discussed at length in the briefs on the cross-motions for summary judgment in this case.  Accordingly, the Court finds that Defendants will not be unduly prejudiced by the admission of different excerpts of that testimony at trial.  Defendants will also have the opportunity to object to Plaintiff's designation.

## II. Defendant's Motion To Exclude Deposition Testimony of and Declaration from Michelle Bulls

Defendant moves to exclude the deposition testimony of Michelle Bulls.  ECF No. 140. Defendant argues that these materials are irrelevant; that certain questions asked during the deposition were leading; and that other questions posed improper hypotheticals.

---

[2] Defendant does not dispute this, but only points to cases where FCA plaintiffs did provide decision-maker evidence.  See ECF no. 172 at 4.

1   For the most part, these objections are not well-taken. Bulls' testimony is relevant and will not lead to confusion, prejudice, or the undue consumption of time. The objections to the questions and answers at 136:6-23, however, are sustained. The questions contain improper hypotheticals. Similar objections to questions about Robin McElroy are overruled; if Defendant believes that the minor discrepancies in Siebert's counsel's questions are material, it can bring those out in its presentation, and the jury can consider the effect, if any, of those discrepancies on the weight to be given to the witness' answers. Defendant's objections to other portions of the deposition are overruled.

Defendant also moves to exclude Bulls' declaration on the grounds that it is hearsay and contains improper legal conclusions. Plaintiff argues that the document "is not offered to prove the truth of its contents but rather to allow the jury to understand and consider the context in which the Declaration is quoted verbatim within the deposition questions and answers to be introduced into evidence by Siebert at trial," ECF No. 153 at 7, and that the document contains no impermissible legal conclusions.

The Court concludes that the declaration may be admitted for the non-hearsay purpose of explaining Bulls' deposition testimony. The Court will entertain a timely request for limiting instruction that the declaration be considered only for this purpose.

The objection that Bulls' declaration contains impermissible legal conclusions is sustained, consistent with the Court's earlier summary judgment ruling. See ECF No. 125 at 7. The parties are ordered to meet and confer regarding redactions to the declaration to eliminate such conclusions, and to present a stipulated redacted document, or competing proposals for redaction, at least twenty-four hours before Bulls' testimony.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion in Limine No. 4 is denied. The Court also will permit Plaintiff to designate the requested testimony of Michelle Bulls for use at trial, but

///

///

///

4

1  will permit Defendant to serve objections to that testimony.  Defendant must serve and file its

2  objections by January 18, 2015.

3  **IT IS SO ORDERED.**

4  Dated:  January 16, 2015



JON S. TIGAR
United States District Judge