UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY SIEBERT,

          Plaintiff,

    v.

GENE SECURITY NETWORK, INC,

          Defendant.

Case No.  11-cv-01987-JST

**ORDER RE PLAINTIFFS' MOTIONS IN LIMINE**

Re:  ECF No. 136

The Court previously addressed Plaintiff's Motions In Limine Nos. 1 and 4.  ECF No. 155, 180.  This order resolves Plaintiff's remaining motions in limine.

    <u>Plaintiff's Motion In Limine No. 2</u>

This motion moves the Court for an order "excluding all evidence relating to whether any statement, certification, verification or claim proved to have been made by GSN to the United States in connection with GSN's receipt of NIH grants funds was a materially false or fraudulent statement, certification, verification or claim as such term is used in the False Claim Act statute." The basis of the motion is that the Court previously granted partial judgment to Plaintiff on the issue of materiality as to some of Defendant's statements to the NIH.

Defendant does not oppose the motion, except as to GSN's statements on the Office of Extramural Research Financial Questionnaire, as to which the Court did *not* grant summary adjudication.  ECF No. 136 at 2.

The motion is denied as to evidence pertaining to the materiality of GSN's statements on the Office of Extramural Research Financial Questionnaire, but is otherwise granted.

    <u>Plaintiff's Motion In Limine No. 3</u>

Plaintiff moves the Court for an order "excluding all evidence relating to whether GSN

<div style="writing-mode: vertical-rl; transform: rotate(180deg);">United States District Court<br>Northern District of California</div>

knew or believed its statements, certifications, verifications and claims made to the United States after August 1, 2010 in connection with the defendant's receipt of NIH grants funds at issue in this matter to be true or false." Defendant agrees that an order in substantially that form is appropriate, but argues that the appropriate date is September 1, 2010.

Defendant is correct. For one thing, the parties have already agreed in their pre-trial statement that the appropriate date is September 1, 2010. ECF No. 134 at 2. For another, although the Court's prior summary judgment order did not specify a date, ECF No. 125 at 21-23, the overall context of that portion of the Court's order makes clear that, as between the two dates, September 1, 2010 is the more appropriate. See, e.g., id. at 23 n.11 (noting that GSN's drawdowns during the month of August 2010 fall outside the Court's order).

The motion is granted in part and denied in part. The Court will grant an order similar to the one the Plaintiff requests, but using the date September 1, 2010.

Plaintiff's Motion In Limine No. 5

Plaintiff moves the Court for an order "excluding all evidence relating to whether GSN spent NIH funds for purposes for which the NIH intended them to be used." He argues that the question of how GSN actually spent the NIH grant money is irrelevant to its eligibility to receive the funds, and therefore irrelevant to any element of Plaintiff's False Claims act claim .

The difficulty with Plaintiff's motion is that without testimony regarding how GSN spent its grant funds, the jury will be left to speculate regarding whether GSN misused government money (in addition to falsely certifying its compliance with accounting regulations), since such would be a plausible motive for its failure to comply with the federal accounting regulations. Thus, exclusion of this evidence would be unfairly prejudicial to GSN. This evidence is also relevant to the issue of falsity and scienter, to the extent those issues are still disputed.

The motion is denied.

Plaintiff's Motion In Limine No. 6

Plaintiff moves the Court for an order "excluding all evidence relating to the exact business of GSN other than a general generics description of the defendant as 'a Bay Area biotech company.'" He argues that if the defendant characterizes its business as one which performs

United States District Court
Northern District of California

2

research on genetic issues to prevent the conception and/or birth of disabled babies, the jury will be "immediately and irrevocably" prejudiced against the Plaintiff and in favor of GSN.  ECF No. 136 at 10.

The motion is denied.  The defendant is entitled to describe its business to the jury.  Also, the nature of defendant's business is spread across many of the documents in the case, so the requested order is not practicable.

Plaintiff's Motion in Limine No. 7

Plaintiff  moves the Court for an order "excluding all evidence relating to actions of GSN and/or Matthew Rabinowitz individually affecting Robin McElroy following April of 2009."

The motion is denied.

**IT IS SO ORDERED.**

Dated:  January 20, 2015

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3