UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SIEBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>GENE SECURITY NETWORK, INC,<br><br>    Defendant. | Case No. 11-cv-01987-JST<br><br>**ORDER RE DEPOSITION TESTIMONY OF MICHELLE BULLS AND MICHELLE BULLS' DECLARATION**<br><br>Re: Dkt. Nos. 147, 181 |

Now before the Court are the parties' respective designations of the deposition testimony of Michelle Bulls. Portions of Bulls' deposition testimony is admissible because she resides more than 100 miles from the courthouse. Fed. R. Civ. P. 32(a)(4)(B).

Plaintiff Gary Siebert originally designated a substantial portion of Bulls' deposition testimony for trial. ECF No. 134 at 2-6. On January 5, 2015, Siebert withdrew his prior designations of Bulls' testimony and replaced them with a more modest set, ECF No. 147, and it is that set this order addresses.

On January 18, 2015, Defendant Gene Security Network, Inc. ("GSN") filed objections to Siebert's designations, counter-designations of its own, and a chart summarizing the parties' respective designations. GSN's objections address, and its chart includes, portions of Bulls' testimony that Siebert is no longer offering. ECF No. 181.

The Court ordered Siebert to file objections to GSN's designations by January 22, 2015 at 4:30 p.m. ECF No. 195 (Rep. Tr., Jan. 21, 2015) at 349. Siebert did not file any objections.

Addressing only those portions of Bulls' depositions that the parties have actually designated most recently, and the objections thereto, the Court now rules as follows:

| Page | Designating Party | Objection | Ruling |
|---|---|---|---|
| 17:9-20 | GSN | None | Admitted. |
| 19:8-12 | GSN | None | Admitted. |
| 20:12-22:2 | GSN | None | Admitted, except that on its own motion, the Court will order that the colloquy at 20:19-21:6 not be played for the jury. |
| 23:20-23 | GSN | None | Admitted. |
| 34:8-39:7 | GSN | None | Admitted. |
| 50:20-51:21 | GSN | None | Admitted. |
| 57:15-65:2 | GSN | None | Admitted, except that on its own motion, the Court will order that the colloquy at 64:14-22 and 64:24-65:2 not be played for the jury. |
| 65:9-67:24 | GSN | None | Admitted. |
| 68:13-23 | GSN | None | Admitted. |
| 69:15-70:17 | GSN | None | Admitted, although the excerpt should start at 69:14. |
| 74:21-77:7 | GSN | None | Admitted, although the excerpt should start at 74:18 and the colloquy at 76:5-9 must be excluded. |
| 78:18-85:4 | Siebert | Testimony is incomplete and misleading because it fails to include relevant testimony on the same issue (85:7-86:5). | Overruled, although the excerpt should start at 78:14. The Court will also adopt GSN's counter-designation. |
| 85:7-86:5 | GSN | None | Admitted. |
| 87:9-19 | Siebert | Testimony is incomplete and misleading because it fails to include other relevant testimony on the same issue (87:20-24). | Overruled, although the Court will adopt GSN's counter-designation. |
| 87:20-24 | GSN | None | Admitted. |
| 89:8-94:14 | Siebert | None | Admitted. |
| 95:2-98:12 | Siebert | Testimony is based on and refers to an inadmissible portion of the Bulls Declaration (¶ 4); testimony includes improper expert opinion and states legal conclusions about "material condition[s]" for NIH | Overruled. |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | grants. | |
| 102:7-103:4 | Siebert | Testimony is incomplete and misleading because it fails to include other relevant testimony on the same issue (103:5-104:21). | Overruled; also moot in light of the Court's admission of GSN's next deposition designation. |
| 102:11-104:21 | GSN | None | Admitted. |
| 105:10-106:3 | GSN | None | Admitted. |
| 106:8-16 | GSN | None | Admitted, although the excerpt should start at 106:4. |
| 108:4-109:16 | GSN | None | Admitted. |
| 126:24-127:25 | GSN | None | Admitted, although the excerpt ends at 127:21. |
| 131:20-132:1 | Siebert | Testimony constitutes improper leading questions that lack foundation; testimony is speculative and irrelevant because Bulls previously testified that she has no personal knowledge about how reviewers at NIH may have applied standard policies and procedures to the applications by GSN (e.g., 59:3-8). | Sustained. |
| 132:20-133:19 | Siebert | Testimony constitutes improper leading questions that lack foundation; testimony constitutes improper expert testimony about what NIH would have done in hypothetical circumstances; testimony is irrelevant because Siebert has stated that his FCA claims are not based on allegations that an "unauthorized person" at GSN completed the questionnaire.[1] | Overruled. |
| 133:20-134:12 | Siebert | Testimony constitutes improper leading questions that lack foundation; testimony constitutes improper expert testimony about what NIH would have done in hypothetical circumstances; testimony is irrelevant because Siebert has stated that his FCA | Overruled. Also, the excerpt ends at 134:15. |

---

[1] GSN's objection is to the deposition testimony at pages 132:6-135:11, so it is unclear the extent to which its objections apply to the smaller designation that is actually at issue.

3

| | | | |
|---|---|---|---|
| | | claims are not based on allegations that an "unauthorized person" at GSN completed the questionnaire. | |
| 134:16-135:11 | Siebert | Testimony constitutes improper leading questions that lack foundation; testimony constitutes improper expert testimony about what NIH would have done in hypothetical circumstances; testimony is irrelevant because Siebert has stated that his FCA claims are not based on allegations that an "unauthorized person" at GSN completed the questionnaire. | Overruled. |
| 136:6-23 | Siebert | Court has ruled that testimony is inadmissible. *See* Order (Jan. 16, 2015) (Dkt. No. 180) at 4. | Sustained. |
| 136:24-137:13 | Siebert | Testimony constitutes improper hypothetical questions that lack foundation; testimony constitutes improper expert testimony about what NIH would have done in hypothetical circumstances; and excerpt concludes with improper and gratuitous comment by counsel, which is not part of the testimony from the witness ("I'm confident I have represented the facts correctly") (137:14-15). | Overruled, although the colloquy at 137:9-11 must be excluded. The colloquy to which GSN objects at 137:14-15 is not part of the designated testimony. |
| 137:20-139:4 | Siebert | Testimony begins with an incomplete question and answer; testimony constitutes improper leading questions and hypothetical questions that lack foundation; testimony constitutes improper expert testimony about what NIH would have done in hypothetical circumstances. | Sustained. The question is incomprehensible. |

The Court previously ordered that Michelle Bulls' declaration was admissible "for the non-hearsay purpose of explaining Bulls' deposition testimony." ECF No. 180 at 4. Having now reviewed the portions of Bulls' deposition that the parties designated, the Court concludes that only those portions of Bulls' declaration to which the *designated* deposition testimony refers are

admissible. When the parties submit a redacted copy of Bulls' declaration, <u>id.</u>, they should redact it accordingly.

**IT IS SO ORDERED.**

Dated: January 24, 2015

_____
JON S. TIGAR
United States District Judge